IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK06-40598-TLS |
| | ) | |
| BRYCE DARREL DEXTER and | ) | CH. 13 |
| SHARLEMAYNE JORAE DEXTER, | ) | |
| | ) | |
| Debtors. | ) | |

## **ORDER**

Hearing was held in Lincoln, Nebraska, on October 1, 2008, on Debtors' Third Amended Plan Post-Confirmation (Fil. #88), an Objection filed by creditors Diane and Wade Heidemann (collectively "Heidemanns") (Fil. #91), a Notice of Payment Default by the Heidemanns (Fil. #92), Debtors' Resistance thereto (Fil. #98), and Debtors' Motion to Extend the Automatic Stay (Fil. #97). Bert E. Blackwell appeared for Debtors, and James R. Nisley appeared for the Heidemanns.

On September 11, 2003, Debtors obtained a loan from the Heidemanns in the amount of $68,000.00. The promissory note called for monthly payments for a period of five years, with a balloon payment due on September 11, 2008. The promissory note is secured by a deed of trust encumbering Debtors' principal place of residence.

Debtors defaulted in making their payments to the Heidemanns, and the Heidemanns commenced nonjudicial foreclosure proceedings. A trustee's sale was scheduled for June 2, 2006. Debtors filed their petition for relief under Chapter 13 of the Bankruptcy Code on June 1, 2006.

On November 1, 2006, an order was entered confirming Debtors' Chapter 13 plan (Fil. #63), which plan provided that Debtors would continue to make their regular payments on their home mortgage loan and would make the balloon payment when it becomes due. The Heidemanns subsequently pursued a motion for relief from the automatic bankruptcy stay, and on May 16, 2007, the parties filed a stipulated order (Fil. #80) regarding the motion for relief by the Heidemanns. The stipulation provided, among other things, that if Debtors failed to make any payment or perform any obligation, the Heidemanns could file an affidavit of default with this Court and serve the same upon Debtors. Debtors would have 10 days from the date of the notice to cure the default. If Debtors failed to cure the default within 10 days, the Heidemanns would be entitled to relief from stay.

Debtors were unable to make the balloon payment when it became due on September 11, 2008. Therefore, Debtors filed their third amended plan which seeks to delay the balloon payment obligation to the end of the term of their Chapter 13 plan. On September 17, 2008, the Heidemanns timely filed their objection to Debtors' third amended post-confirmation plan (Fil. #91). The Heidemanns also filed a notice of payment default (Fil. #90), which notice of default was issued by the Heidemanns due to Debtors' failure to pay the balloon payment on September 11, 2008.

Debtors are asking this Court to allow them to modify their confirmed plan to extend the balloon payment date of their home mortgage loan to the end of the plan.  I find that it is not appropriate for this Court to do so.  The confirmed plan on file specifically provides that Debtors will make the balloon payment on September 11, 2008.  Debtors now desire to modify that plan to extend the specified maturity date.  However, over one year ago, in settlement of a motion for relief from stay filed by the Heidemanns, Debtors stipulated and agreed that the Heidemanns would be entitled to relief from stay if they failed to make any payment.  It is undisputed that Debtors have failed to do so and have failed to cure the default within 10 days after the notice of default by the Heidemanns.  Thus, the Heidemanns are entitled to relief from the automatic stay.  Debtors cannot use the plan modification process to alter the terms of a stipulation they entered into as a result of their prior default during the course of this bankruptcy proceeding.  *In re Wald*, 211 B.R. 359, 361-62 (Bankr. D.N.D. 1997) (holding that courts are loathe to release debtors from the burden of stipulations regarding relief from stay; a showing of special circumstances is necessary before a party may be relieved of its obligations); *In re Borchardt*, 47 B.R. 879, 881 (Bankr. D. Minn. 1985) (holding that stipulations should be strictly enforced, as the court is not inclined to disregard the agreement and "allow the defaulting party another chance to accomplish what it has failed to do").

IT IS, THEREFORE, ORDERED:

1.	Debtors' Third Amended Plan Post-Confirmation (Fil. #88) is denied;

2.	Debtors' Motion to Extend the Automatic Stay (Fil. #97) is denied; and

3.	Debtors' Resistance to Notice of Payment Default (Fil. #98) is overruled and relief from the automatic stay is granted to the Heidemanns pursuant to the Notice of Payment Default (Fil. #92) and the Stipulated Order (Fil. #80).

DATED:  October 3, 2008.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
	*Bert E. Blackwell
	James R. Nisley
	Kathleen Laughlin
	U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.